**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| **K & J CARLSON, INC.** | |
| Plaintiff, | Case No. _____ |
| v. | |
| **YOGEEZ, LLC** | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff, K & J Carlson, Inc. ("Carlson" or "Plaintiff") complains against Defendant Yogeez, LLC ("Yogeez" or "Defendant"), and states as follows:

### Nature of This Case

1.      This action is necessary to protect Plaintiff Carlson from intentional and ongoing harm caused by Defendant Yogeez.  Defendant has intentionally and willfully caused harm to Carlson, and are continuing to cause harm to Carlson, by unilaterally deciding to infringe upon Carlson's trademarks, registering an infringing trademark before the United States Patent and Trademark Office, intentionally causing confusion in customers and potential customers into believing that they are in fact Carlson when they are not, and by operating a website in an effort to divert customers and business away from Carlson.

### Parties

2.      Plaintiff Carlson is incorporated under the laws of the State of Illinois with its principle place of business at 2914 Commerce Drive, Johnsburg, IL 60051.

3.     On information and belief, Defendant Yogeez, LLC is an Ohio limited liability company with businesses 5533 New Albany Road West, New Albany, OH, and 6355 Perimeter Drive, Dublin, OH.

4.     On information and belief, Yogeez is not a citizen of Illinois.

5.     On information and belief Defendant regularly conducts business in the United States and in this district.

### Jurisdiction and Venue

1.     This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq; 15 U.S.C. § 1114(a), and cybersquatting

6.     As such, this Court has jurisdiction over the subject matter of this action at least pursuant to 28 U.S.C. § 1331(federal question) and 15 U.S.C. § 1338 (trademark).

7.     Personal jurisdiction over Defendant in this district is proper inasmuch as Defendant is doing business within the State of Illinois either directly or indirectly through an agent giving rise to the claims herein, and has systematic and continuous contacts with Illinois. For example, Defendant has solicited business within the State of Illinois and this district via its interactive websites, thereby purposely availing itself of the privilege of conducting business in the State of Illinois and in this district.

8.     Defendant has also caused injury to Plaintiff in Illinois and this district on account of their acts of trademark infringement.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, namely, that Illinois citizens have already suffered actual confusion as the result of the similarity between Carlson's YOGEEZE Mark and the Defendant's YOGEEZ Mark.

## **Facts**

10.     Carlson is a business that specializes in selling frozen yogurt.

11.     Carlson operates two frozen yogurt stores; one at 253 Center Street, Suite 300, Lake Geneva, WI and a second at 2914 Commerce Drive, Johnsburg, IL 60051.

12.     Carlson has been in operation since 2011.

13.     Carlson identifies its products through the use of several protected trademarks (collectively referred to as the "YOGEEZE Marks").

14.     Carlson advertises its products and services over the Internet, through its website (the "Carlson Website"), at the domain www.yogeeze.com.  The Carlson Website prominently displays the YOGEEZE Marks.  Attached hereto as Exhibit A is true and accurate copy of the Carlson website.

15.     Among the YOGEEZE Marks are common law and federally registered trademarks.

16.     As a result of its continuous and exclusive use of its name, Carlson has garnered substantial consumer and industry recognition, goodwill, and common law trademark rights in the name "YOGEEZE."

17.     Carlson is also the owner of all right, title and interest in U.S. Trademark Registration No. 4,409,616 (attached hereto as Exhibit B) for the word mark "YOGEEZE FROZEN YOGURT®."

18.     Additionally, Carlson is the owner of all right, title and interest in U.S. Trademark Registration No. 4,409,617 (attached hereto as Exhibit C) for the design and word mark depicted below:



19.     Carlson has extensively employed and caused to be advertised and publicized the YOGEEZE® Marks to identify its services and goods.

20.     On information and belief, Defendant operate a business that specializes in frozen yogurt.

21.     Defendant advertises its products and/or offers for sale its goods and services at its domain http://yogeez.com.

22.     Defendant prominently displays its "Yogeez" mark on its website.

23.     Further, Defendant has registered a domain name under the name "Yogeez."

24.     Defendant's activities have caused confusion, mistake or deception among the public and are likely to lead and have led the public to erroneously conclude that the goods and services offered by Defendant originate with, and/or are sponsored by, and/or are authorized by Carlson, to the damage and harm of Carlson and the public.

25.     Actual confusion on the part of the consuming public has already occurred.

26.     On information and belief, the acts of Defendant complained of herein were committed maliciously, deliberately and willfully.

27.     Defendant filed for an application for federal trademark registration on the name "YOGEEZ" on May 25, 2012.

28.     Carlson opposed Defendant's attempts to federally register its YOGEEZ Mark.

29.     Defendant has since abandoned the YOGEEZ Mark as of May 17, 2013.

30.     Defendant's activities are likely to and have caused irreparable injury to Carlson's reputation and goodwill.

31.     Accordingly, immediate temporary and preliminary injunctive relief is necessary to prevent further confusion among consumers and prevent further immediate and irreparable harm to Carlson.

## COUNT I
## Trademark Infringement

32.     Carlson repeats and realleges the allegations contained in Paragraphs 1- 28 above as if fully set forth herein.

33.     By using the name "YOGEEZ" in connection with its products, Defendant is infringing on Carlson's federally registered YOGEEZE Mark

34.     Defendant's use of the name YOGEEZ is likely to cause, and actually caused, confusion among consumers who are interested in buying Carlson's products.

35.     When the name "YOGEEZE" is entered into internet search engines, such as the business search engine on Facebook.com and google.com, both Carlson's business and Defendant's business appear in the search results.

36.     On information and belief, Defendant's use of the name YOGEEZ has caused actual confusion among consumers interested in buying Carlson's products.

37.     On information and belief, prospective customers have actually contacted Carlson in regards to Defendant's use of the YOGEEZ Mark.

38.     Specifically, reviews on Carlson's Yelp.com profile feature the Defendant's spelling of "Yogeez."

39.     Further, a video clip on YouTube.com  featuring Carlson's business contained the

incorrect spelling of "Yogeez."

40.     Carlson has also received mailed applications for employment where the intended recipient was the Defendant's stores.

41.     As a result of its unauthorized use of the name "YOGEEZE" and the infringing use of "YOGEEZ," in connection with the advertising, promotion and sale of Defendant's products, Defendant is likely to cause confusion or to cause mistake or to deceive the public, in violation of the Lanham Act, 15 U.S.C. § 1114.

42.     Defendant is likely to have mislead and to continue to mislead prospective consumers as to an affiliation, connection or association between Defendant or its products, and Carlson, or its products, or as to the origin sponsorship, or approval by Carlson of the Defendant, or its products, causing consumers to rely thereon, in violation of the Lanham Act, 15 U.S.C. § 1114.

43.     Defendant's acts were and are undertaken willfully and in bad faith and in conscious disregard of Carlson's known and acknowledged trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Carlson, its products and its registered trademarks. Defendant thereby intended and intend to mislead the public into believing that there is a connection, affiliation, or association between Defendant, or its products, and Carlson or its products.

44.     Defendant had notice of Carlson's YOGEEZE Mark as a consequence of Carlson's opposition to Defendant's attempts to register its Yogeez Mark, and continued to use the YOGEEZE Mark to sell its good despite this knowledge.

45.     Defendant is trading on the goodwill symbolized by Carlson's registered trademarks and, by reason of Defendant's acts, Carlson has suffered and will continue to suffer

damage and injury to its business, reputation and goodwill and will sustain loss of revenues and profits.

46.     Defendant's use of the name "YOGEEZ" has caused and continues to cause harm to Carlson's goodwill and has created and continues to create a likelihood of confusion among consumers that causes harm to Carlson's market share and trademark rights.

47.     Unless temporarily and permanently restrained by this Court, Defendant's acts will immediately and irreparably injure Carlson's goodwill, erode its market share and cause confusion in the marketplace with regard to the source of Defendant's goods.

WHEREFORE, Plaintiff prays for a judgment as follows:

(A)     Permanently enjoining and restraining Defendant, its officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

(i)     Using the name or mark "YOGEEZ" or any other colorable imitation of such name or mark, or any mark that is confusingly similar to the Plaintiff's YOGEEZE Marks, in connection with any goods or services; and

(ii)     Making any other statements, representations, or acts that are likely to induce the belief that Defendant's business or products are in any way connected with Carlson's business or products, or is sponsored, affiliated or approved by Carlson;

(B)     Directing Defendant to:

(i)     Account for and pay over to Plaintiff the sum of three times all profits derived by Defendant's from their acts complained of herein, together with prejudgment interest;

(ii)     Pay to Plaintiff the sum of three times all the damages it has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

(iii)     Pay an award of punitive damages to Plaintiff;

(iv)     Pay plaintiff's reasonable attorneys' fees and costs in this action;

(v)     File with this Court and serve on Plaintiff's counsel, within thirty days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. § 1116; and

(C)     Awarding Plaintiff such further relief as this Court deems just and equitable.

### COUNT II
### Unfair Competition And False Designation of Origin
### Under The Lanham Act, 15 U.S.C. § 1125(a)

44.     Carlson repeats and realleges the allegations contained in Paragraphs 1-44 above as if fully set forth herein.

45.     By using Carlson's YOGEEZE Marks, Defendant are likely to cause, and have actually caused, confusion as to the origin of the goods sold by Defendant.

46.     Defendant are likely to have misled and to continue to mislead prospective consumers as to the origin of the goods sold by Defendant.

47.     Defendant' acts were and are undertaken willfully and in bad faith and conscious disregard of Carlson's known and acknowledged trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Carlson, its products and its registered trademarks. Defendant thereby intended to mislead the public into believing that the products it sells are associated with Carlson and Carlson's trademarks.

48.     Defendant acts of trading on the goodwill symbolized by Carlson's registered trademarks has caused and continues to cause Carlson to suffer damage and injury to its business, reputation and goodwill and to sustain loss of revenue and profits.

49.     Unless temporarily and permanently restrained by this Court, Defendant acts will immediately and irreparably injure Carlson's goodwill and erode its market share.

WHEREFORE, Plaintiff prays for a judgment as follows:

(A)     Permanently enjoining and restraining Defendant, their officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

(i)     Using the name or mark "Yogeez" or any other name containing the "YOGEEZE" mark or any other colorable imitation of such names or marks, or any mark that is confusingly similar to the Plaintiff's Yogeeze Marks in connection with any goods or services; and

(ii)    Making any other statements, representations, or acts that are likely to induce the belief that Defendant' business or products are in any way connected with Carlson's business or products, or is sponsored, affiliated or approved by Carlson;

(B)     Directing Defendant to:

(i)     Account for and pay over to Plaintiff the sum of three times all profits derived by Defendant from the acts complained of herein, together with prejudgment interest;

(ii)    Pay to Plaintiff the sum of three times all other damages is has suffered as a result of the acts of Defendant complained of herein, together with prejudgment interest;

(iii)   Pay an award of punitive damages to Plaintiff;

(iv)    Pay Plaintiff's reasonable attorney's fees and costs in this action;

(v)     File with this Court and serve on Plaintiff's counsel, within thirty days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. § 1116; and

(C)     Awarding Plaintiff such further relief as this Court deems just and equitable.

## COUNT III
### Cybersquatting (www.yogeez.com)

48.     Carlson repeats and re-alleges the allegations contained in Paragraphs 1- 43 above as it fully set forth herein.

49.     On information and belief, Defendant registered or caused the registration of the domain www.yogeez.com

50.     On information and belief, Defendant use and/or traffic in the domain www.yogeez.com.

51.     On information and belief, prior to registering the domain www.yogeez.com Defendant had actual knowledge of Carlson's use of the YOGEEZE Marks and of Carlson's use of the domain www.yogeez.com.

52.     On information and belief, prior to launching their website at the domain www.yogeez.com, Defendant had actual knowledge of Carlson's use of the YOGEEZE Marks and of Carlson's use of the domain www.yogeeze.com.

53.     The domain www.yogeez.com infringes upon Carlson's federally registered trademarks.

54.     On information and belief, Defendant have no legitimate right or interest in the mark "Yogeez."

55.     Use of the domain www.yogeez.com by Defendant is likely to cause confusion among consumers interested in purchasing Carlson's products.

56.     On information and belief, the Defendant's use of the domain www.yogeez.com has caused actual confusion among consumers interested in purchasing Carlson's products.

57. Defendant's use of the domain www.yogeez.com has caused, and continues to cause, harm to Carlson's goodwill and has created, and continues to create, a likelihood of confusion among consumers that causes harm to Carlson's market share.

58. Unless temporarily and permanently restrained by this Court, Defendant's acts will immediately and irreparably injure Carlson's goodwill and erode its market share.

WHEREFORE, Plaintiff prays for a judgment as follows:

(A) Permanently enjoining and restraining Defendant, their officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

(i) Operating a website at www.yogeez.com or any other domain that infringes upon Plaintiff's trademark rights; and

(B) Directing Defendant to:

(i) Immediately transfer to Plaintiff the domain www.yogeez.com and any other domains that infringe upon Plaintiffs trademark rights; and

(C) Awarding Plaintiff such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues triable to a jury be determined by jury.

DATED: April 24, 2014                                        Respectfully submitted,

                                                            /s/Edward L. Bishop
                                                            Edward L. Bishop
                                                            ebishop@bishoppatents.com
                                                            Nicholas S. Lee
                                                            nlee@bishoppatents.com
                                                            Benjamin A. Campbell
                                                            bcampbell@bishoppatents.com
                                                            Ava L. Caffarini
                                                            acaffarini@bdl-iplaw.com
                                                            Bishop Diehl & Lee, Ltd.

1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Counsel for Plaintiff K & J Carlson, Inc.*